**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13709

Non-Argument Calendar

_____

ZOE AJJAHNON,

*Plaintiff-Appellant,*

*versus*

AMERILIFE OF NORTH CAROLINA, LLC,

d.b.a. Amerilife and Health Services, LLC,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00329-JSS-LHP

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and ABUDU,
Circuit Judges.

PER CURIAM:

Zoe Ajjahnon appeals the summary judgment in favor of Amerilife of North Carolina, LLC, and against her complaint that Amerilife violated the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. The district court ruled that Ajjahnon's claims failed as a matter of law. Because Ajjahnon failed to establish a pattern of racketeering activity, we affirm.

## I. BACKGROUND

Ajjahnon obtained her Florida insurance license in August 2021. A month later, she interviewed with Amerilife, a company that recruits and supports independent insurance agents by providing them with training, tools, and sales leads to sell insurance products from its partner carriers. Ajjahnon accepted an agent position, and in October 2021, she signed agreements to reimburse Amerilife for certain business expenses. After failing to generate any business in her first two months, she took a leave of absence on December 1, 2021. Two weeks later, Amerilife terminated her and demanded she pay $500 for business expenses it had incurred on her behalf.

Ajjahnon sued Amerilife and alleged that the company had violated the federal racketeering act. *See* 18 U.S.C. §§ 1961-1968. She alleged that Amerilife induced victims to start independent insurance sales businesses, then later extorted them by fraudulently charging fees for business expenses. As predicate acts, she alleged that Amerilife committed mail fraud by mailing her a demand letter for $500, wire fraud by demanding that the proceeds be paid through electronic means, and extortion by demanding repayment of what she contended was a fraudulent debt. Amerilife moved for

summary judgment, and the district court granted its motion. The district court ruled that Ajjahnon's claims under the federal racketeering act failed as a matter of law.

## II. STANDARD OF REVIEW

We review a summary judgment *de novo*. *Isaac Indus., Inc. v. Petroquímica de Venezuela, S.A.*, 127 F.4th 289, 297 (11th Cir. 2025), *cert. denied*, No. 24-1117 (June 23, 2025). We draw all reasonable inferences in favor of Ajjahnon and view the evidence in the light most favorable to her. *Id.*

## III. DISCUSSION

The federal Racketeer Influenced and Corrupt Organizations Act prohibits an entity from receiving income derived from a pattern of racketeering activity, collecting unlawful debt through such a pattern, conducting an enterprise through such a pattern, and conspiring to commit any of these activities. 18 U.S.C. § 1962(a)-(d). A plaintiff may sue an entity that violates any of those provisions. *Id.* § 1964(c). To allege a violation of the federal racketeering act, the plaintiff must establish that the entity "(1) operated or managed, (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the [individual]." *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1196 (11th Cir. 2025) (quoting *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020)). Racketeering activity encompasses extortion, as well as mail and wire fraud. 18 U.S.C. § 1961(1). "[T]o prove a 'pattern' of racketeering activity, a plaintiff must show 'at least

two acts of racketeering activity' within ten years." *Otto Candies*, 137 F.4th at 1198 (citing 18 U.S.C. § 1961(5)).

We start and end with Ajjahnon's failure to establish a pattern of racketeering activity. Even assuming Amerilife's one-time demand for repayment amounted to extortion and fraud—which we seriously doubt—the act arose from a single transaction. But "independently chargeable instances of mail or wire fraud cannot constitute a pattern of racketeering activity when they arise from a single transaction." *Cisneros*, 972 F.3d at 1216 (quotation omitted). To rule otherwise would permit a plaintiff to sue under the federal racketeering act for a single fraudulent transaction in direct contravention of the act, which is designed to address "a *pattern* of ongoing, continuing criminality." *Id.* (emphasis added). Moreover, Ajjahnon's conclusory allegation that this single act evinces a larger pattern of racketeering activity was insufficient to survive summary judgment. *See Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[We have] consistently held that conclusory allegations without specific supporting facts have no probative value."). Thus, even viewing the evidence in the light most favorable to her, Ajjahnon's claims failed as a matter of law because she did not establish a pattern of racketeering activity. *See Otto Candies*, 137 F.4th at 1196.

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of Amerilife and **DENY AS MOOT** Ajjahnon's motion to be exempted from filing paper copies of her briefs.